UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONNIE PETERSON,                                        Case No. 10-14403

                Plaintiff,                       District Judge Arthur J. Tarnow

v.                                                     Magistrate Judge R. Steven Whalen

OFFICER DEVON PAYTON, ET AL.,

                Defendants.

_____/

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion for entry of Default Judgment Against Devon Payton [Doc. #30]. Because the motion seeks dispositive relief, I will proceed by Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). *See Stevenson v. City of Detroit,* 2012 WL 1883282, *1 (E.D.Mich. 2012); *Flagg v. City of Detroit,* 2011 WL 4634249, *1 (E.D.Mich. 2011). For the reasons discussed below, I recommend that the motion for default judgment be DENIED, but that Defendant Devon Payton be assessed Rule 37 sanctions in the amount of $250.00.

## I.   FACTS

On July 3, 2012, Judge Arthur J. Tarnow extended discovery "to allow Plaintiff's counsel to depose Defendant Payton on or before August 3, 2012." [Doc. #28]. In his unopposed motion, Plaintiff states that Mr. Payton was served with a notice of deposition dated July 2, 2012, and scheduled for August 1, 2012. When Mr. Payton failed to appear for his deposition, Plaintiff's counsel spoke to him by telephone on August 24, 2012. At that time, Mr. Payton told counsel that an attorney Michael Twiss would contact him to arrange a deposition date. However, Mr. Twiss has not filed an appearance and has not

responded to a telephone message from Plaintiff's counsel.  Counsel then re-noticed Mr.

Payton's deposition for September 19, 2012. Mr. Payton confirmed that date. However,

he failed to appear on September 19th.

## II.   STANDARD OF REVIEW

Under Fed.R.Civ.P. 37(d)(1)(A)(1), a party may be sanctioned for failing to appear

at a properly noticed deposition. Rule 37(d)(3), which incorporates Rule 37(b)(2)(A)(vi),

provides that the sanction of a default judgment may be imposed. A motion for sanctions

under these Rules is addressed to the Court's discretion.  *National Hockey League v.*

*Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 49 L.Ed.2d 747

(1976); *Regional Refuse Systems, Inc. V. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th

cir. 1988).  The Court's discretion is informed by the four-part test described in *Harmon*

*v. CSX Transportation, Inc.*, 110 F.3d 364, 366-67 (6th Cir. 1997):  (1) whether the party's

failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced

by the dismissed party's conduct; (3) whether the dismissed or defaulted party was

warned that failure to cooperate could lead to dismissal or entry of default judgment; and

(4) whether less drastic sanctions were imposed or considered before dismissal or default

judgment was ordered.  *See also Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067,

1073 (6th Cir. 1990).

In deciding whether to impose "the draconian sanction" of default judgment, the

first factor–the party's willfulness or bad faith in failing to comply with a discovery

order–looms large.  *Intercept Security Corp. V. Code-Alarm, Inc.*, 169 F.R.D. 318, 321-22

(E.D. Mich. 1996), citing *Societe Internationale Pour Participations Industrielles et*

*Commerciales, S.A. v. Rogers*, 357 U.S. 197, 212, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958).

However, a prior warning that failure to comply with a discovery order will result in

dismissal is pivotal both to the determination of willfulness and to the ultimate decision to dismiss.  *See Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988).

### III.   DISCUSSION

A default judgment is the Court's most drastic discovery sanction. A fair application of the four *Harmon* factors, discussed individually below, persuades me that while the Mr. Payton's conduct in this case is deeply troubling, entry of a default judgment is not warranted. To borrow a concept from criminal sentencing law, a sanction should be "sufficient, but not greater than necessary" to accomplish its purpose.[1]

### 1.   Willfulness, Bad Faith or Fault

Mr. Payton received notice of both the first and second scheduled depositions. In fact, he confirmed the September 19, 2012 date.  Yet, he failed to appear.  It is difficult to characterize this as anything other than willful disregard of the deposition notices. This factor weighs against Mr. Payton.

### 2.   Prejudice

The discovery cut-off date has long passed, and the Plaintiff has been stymied in his attempt to depose Defendant Payton.  However, I have ruled in a separate motion to compel that Mr. Payton may be deposed within 21 days of the date of that order, which was filed contemporaneously with this Report and Recommendation.  Therefore, the prejudice to Plaintiff has arguably been cured.

### 3.   Prior Warning

Mr. Payton was not warned prior to the filing of this motion that a default judgment was a possibility if he did not show up for his deposition. In today's separate

---

[1] *See United States v. Presley,* 547 F.3d 625, 630 -631 (6th Cir. 2008)("[T]he district court's task is to 'impose a sentence sufficient, but not greater than necessary, to comply with the purposes' of the statutory sentencing scheme. 18 U.S.C. § 3553(a)").

order granting Plaintiff's motion to compel, however, I clearly warned him that his
"failure to comply with this Order may lead to further sanctions, including entry of a
default judgment against him."

### 4.   Consideration of Less Drastic Sanctions

Before today, the Court has not imposed lesser sanctions on Mr. Payton. However,
I am recommending that in lieu of entering a default judgment, he be sanctioned
monetarily in the amount of $250.00.

Accordingly, I recommend that Mr. Payton be given one more chance to present
himself for a deposition, with the understanding that if he does not show up, entry of a
default judgment is definitely in the cards.

### IV.   CONCLUSION

I recommend that Plaintiff's motion for default judgment [Doc. #30] be DENIED,
but that he be ordered to pay Plaintiff's counsel $250.00 as a Rule 37 sanction.

Any objections to this Report and Recommendation must be filed  within fourteen
(14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D.
Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further
right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985);
*Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638
F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise
others with specificity will not preserve all the objections a party might have to this
Report and Recommendation.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir.  1991); *Smith
v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.  1987).  Pursuant to
E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate
Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections,

the opposing party may file a response.  The response shall be not more than twenty (20)

pages in length unless by motion and order such page limit is extended by the

court.  The response shall address specifically, and in the same order raised, each issue

contained within the objections.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date:  November 28, 2012

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on November 28, 2012.

| | |
|---|---|
| Devon Payton<br>15476 Wildemere St<br>Detroit, MI 48238-1438 | s/Johnetta M. Curry-Williams<br>Case Manager |