UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONNIE PETERSON,

        Plaintiff,

v.

DEVON PAYTON, ET AL.,

        Defendants.
_____/

Case No. 10-14403

SENIOR UNITED STATES DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE R. STEVEN WHALEN

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [22]**

Before the Court is Defendant City of Detroit's Motion for Summary Judgement [22], filed on March 15, 2012. Defendant City of Detroit seeks dismissal of Plaintiff's 48 U.S.C. Section 1983 and Fourth Amendment claims based upon municipal immunity.

On July 2, 2012, the Court heard argument on the Motion [22]. The Court took the Motion [22] under advisement pending further discovery by the parties, including production of a transcript of Defendant Devon Payton's Garrity hearing and the completion of the deposition of Defendant Payton.

On February 11, 2013, following the completion of this discovery, Plaintiff filed a Supplemental Response [37] to Defendant's Motion [22].

For the reasons stated below, Defendant's Motion for Summary Judgment [22] is GRANTED.

**Factual Background**

On April 11, 2010, Plaintiff and Joey Payton were involved in an altercation in front of Plaintiff's home. At some point during this altercation, Defendant Devon Payton arrived at Plaintiff's home. Defendant Payton admits to having consumed a sixteen ounce beer prior to arriving

at Plaintiff's home. Plaintiff alleges that Defendant Devon then physically assaulted Plaintiff, including striking Plaintiff in the head with a firearm. Defendant Devon Payton denies assaulting Plaintiff, and denies having a firearm in his possession at the time of the incident. Defendant Devon Payton alleges that he inserted himself into the ongoing altercation in order to "keep the peace." At the time of this incident, Defendant Devon Payton was an off-duty Detroit Police Officer. Defendant Devon Payton was suspended from duty following the incident, and reinstated in September 2012.

## Standard of Review

A motion for summary judgment is granted under Fed. R. Civ. P. 56(c) when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Summary judgment is also proper where the moving party shows that the non-moving party is unable to meet its burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1987). Facts and inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). However, the non-moving party must present "specific facts showing that there is a genuine issue for trial" that demonstrate that there is more than "some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 339-40 (6th Cir. 1993) (internal citations omitted).

## Analysis

A local government entity "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom...inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (U.S. 1978). However, "a municipality cannot be held liable solely because it employs a tortfeasor." *Id.* at 691. Instead, "there must be an 'affirmative link between the policy and the particular constitutional violation alleged.'" *Bennett v. City of Eastpointe*, 410 F.3d

810, 819 (6th Cir. 2005)(*quoting Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985)). The plaintiff has the burden of not only establishing the existence of this policy, but also of establishing the link between this policy and the alleged violation. *Bennett* , 410 F.3d at 819.

The alleged policy may take the form of a custom "even though such a custom has not received formal approval through the body's official decisionmaking channels." *Cash v. Hamilton County Dep't of Adult Prob.*, 388 F.3d 539, 542-543 (6th Cir. 2004)(*citing Monell*, 436 U.S. at 690)(internal quotation marks omitted). Specifically, even if a plaintiff may not "be able to demonstrate that a written policy exists, he or she may be able to prove the existence of a widespread practice that...is so permanent and well settled as to constitute a custom or usage with the force of law." *Cash*, 388 F.3d at 543 (*citing Monell*, 436 U.S. at 691)(internal quotation marks omitted). "In short, a custom is a legal institution not memorialized by written law." *Cash*, 388 F.3d at 543 (citations and quotation marks omitted).

Based upon Defendant Payton's deposition, Plaintiff argues that the Detroit Police Department had a policy of allowing officers to carry weapons while off-duty, and of allowing officers the discretion to take police action while off-duty. Plaintiff argues that because Defendant Payton was acting under this policy during the incident at issue Defendant City of Detroit is not immune from liability.

Other than Defendant Devon Payton's deposition, Plaintiff provides no other evidence of a widespread and permanent policy or custom that would have sanctioned Defendant Payton's alleged behavior. In fact, Plaintiff notes that Defendant Devon Payton testified that becoming involved in a police action after consuming alcohol and while off duty would actually violate department policy.

Therefore, Plaintiff has not presented a genuine issue of material as to Defendant City of Detroit's municipal liability.

3

In its Motion for Summary Judgment [22], Defendant City of Detroit argues that Plaintiff's claim also fails because Defendant Payton was not acting under the color of law at the time of the alleged altercation with Plaintiff. Because the Court has determined that Defendant City of Detroit is immune from liability, the Court need not consider this alternative argument here.

## Conclusion

For the reasons state above, **IT IS HEREBY ORDERED** that Defendant City of Detroit's Motion for Summary Judgement [22] is **GRANTED**.

**SO ORDERED**.

s/Arthur J. Tarnow<br>
ARTHUR J. TARNOW<br>
SENIOR U.S. DISTRICT JUDGE

Dated: March 25, 2013