UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONNIE PETERSON,

    Plaintiff,

v.

DEVON PAYTON,

    Defendant.

_____/

Case No. 10-14403

SENIOR UNITED STATES DISTRICT
JUDGE ARTHUR J. TARNOW

MAGISTRATE JUDGE R. STEVEN
WHALEN

**ORDER GRANTING PLAINTIFF'S MOTION TO DETERMINE AMOUNT OF DAMAGES [47] AND ENTERING FINAL DEFAULT JUDGMENT**

Plaintiff alleges that Defendant, then a Detroit police officer, violated Plaintiff's rights through the use of excessive force. On May 16, 2013, the Court entered an Order Granting Plaintiff's Motion for Default Judgment Against Defendant [42] due to Defendant's failure to defend the action and to comply with the Court's prior order of sanctions.[1] The Court granted Defendant thirty days to obtain counsel and reopen the case, but he did not do so.

---

[1] The order did not set an amount of damages, and thus did not constitute an entry of final default judgment. *Dassault Systemes, S.A. v. Childress*, 663 F.3d 832, 839–40 (6th Cir. 2011).

1

On July 3, 2013, Plaintiff filed a Motion to Reopen Case to Determine Amount of Damages [43]. On August 1, 2013, the Court issued an Order for Defendant to Show Cause Why Plaintiff's Motion to Reopen Should Not Be Granted [44]. Defendant did not respond. The Court entered an Order Granting Plaintiff's Motion to Reopen [45] on August 23, 2013. Plaintiff filed a Motion for Order Determining Amount of Damages [47] on April 15, 2014.[2]

It is within the Court's discretion to determine the amount of damages in default judgment without holding an evidentiary hearing. *Vesligaj v. Peterson*, 331 Fed. App'x 351, 355 (6th Cir. May 11, 2009) (unpublished) (citing *Ortiz-Gonzalez v. Fonovisa*, 277 F.3d 59, 63 (1st Cir. 2002)). The Court has reviewed the evidence of damages submitted by Plaintiff as exhibits to his Motion for Order Determining Amount of Damages [47]. The Court deems this evidence sufficient to support Plaintiff's requested award of $150,000. Plaintiff also requests an award of "attorney fees as provided by law." Since Plaintiff cites no law and provides no evidence in connection with his request for attorney fees, the Court will not award them at this time. Accordingly,

---

[2] Plaintiff filed the motion in response to the Court's Order to Show Cause Why the Case Should Not Be Closed for Lack of Progress [46]. Plaintiff filed a formal Response to the Order to Show Cause [48] on April 23, 2014.

2

**IT IS ORDERED** that Plaintiff's Motion to Determine Amount of Damages [47] is **GRANTED**.

**IT IS FURTHER ORDERED** that default judgment is entered against Defendant Payton in the amount of $150,000.

**SO ORDERED**.

|  |  |
|---|---|
| | s/Arthur J. Tarnow |
| | Arthur J. Tarnow |
| Dated:  February 11, 2015 | Senior United States District Judge |